IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| WIRELESS MEDIA INNOVATIONS, LLC, | § § | |
| Plaintiff, | § § | Civil Action No. 1:14-cv-4667 |
| v. | § § | |
| RED HOOK CONTAINER TERMINAL LLC, | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Wireless Media Innovations, LLC ("WMI" or "Plaintiff"), by way of its Complaint against Red Hook Container Terminal, LLC ("Defendant"), hereby alleges as follows:

### THE PARTIES

1. Plaintiff WMI is a limited liability company organized under the laws of Delaware with a place of business at 1209 Orange Street, Wilmington, Delaware 19801.

2. Upon information and belief, Defendant is a limited liability company organized under the laws of New York with its principal place of business at 70 Hamilton Ave., Brooklyn, New York 11231 and a service of process address at C/O Kelley Drye & Warren LLP, Atten: Merrill B. Stone, Esq., 101 Park Avenue, New York, New York, 10178.

### JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. WMI seeks remedies for Defendant's infringement of WMI's U.S. Patent Nos. 6,148,291 and 5,712,789 ("the Patents-in-Suit").

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant by virtue of, inter alia, its presence in New York having conducted business within the State of New York and this Judicial District, and having engaged in systematic and continuous contacts with the State of New York, and maintaining its principle place of business in New York. In particular, Defendant is organized under the laws of the State of New York as a limited liability company, and has thereby purposely and intentionally availed itself of the privileges of the protection of New York State laws. On further information and belief, Defendant regularly conducts business in this Judicial District and has purposefully used infringing methods and/or services, thereby performing acts of patent infringement at its Red Hook Container Terminal Facility located in the Port of New York and New Jersey.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

7. On November 14, 2000, United States Patent No. 6,148,291 ("the '291 Patent"), entitled "CONTAINER AND INVENTORY MONITORING METHODS AND SYSTEM," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '291 Patent is attached as Exhibit A to this Complaint.

8. On January 27, 1998 United States Patent No. 5,712,789 ("the '789 Patent"), entitled "CONTAINER MONITORING SYSTEM AND METHOD," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '789 Patent is attached as Exhibit B to this Complaint.

9. WMI is the assignee and owner of the right, title, and interest in and to the Patents-in-Suit, including the right to assert all causes of action arising under the Patents-in-Suit and the right to any remedies for infringement thereof.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,148,291**

10. WMI realleges and incorporates by reference the allegations of paragraphs 1 through 9 of this Complaint as though fully set forth herein.

11. Defendant uses at least one terminal operating system and operative methods associated therewith to monitor the locations and load statuses of containers at its Red Hook Container Terminal facility in the Port of New York and New Jersey.

12. At least by Defendant's monitoring of the containers and trailers, Defendant has infringed and continues to infringe one or more claims of the '291 Patent, either literally or under the doctrine of equivalents, by using infringing systems and methods, without authorization, in the United States in violation of 35 U.S.C. § 271, including, but not limited to, 35 U.S.C. § 271(a).

13. The infringement of the '291 Patent by Defendant has caused and continues to cause damage to WMI in an amount to be determined at trial.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 5,712,789**

14. WMI realleges and incorporates by reference the allegations of paragraphs 1 through 13 of this Complaint as though fully set forth herein.

15. Defendant uses at least one yard management system and operative methods associated therewith to monitor the locations and load statuses of containers and trailers at its Red Hook Container Terminal facility in the Port of New York and New Jersey.

16. At least by Defendant's monitoring of the containers and trailers, Defendant has infringed and continues to infringe one or more claims of the '789 Patent, either literally or under the doctrine of equivalents, by using infringing systems and methods, without authorization, in

the United States in violation of 35 U.S.C. § 271, including, but not limited to, 35 U.S.C. § 271(a).

17. The infringement of the '789 Patent by Defendant has caused and continues to cause damage to WMI in an amount to be determined at trial.

## JURY DEMAND

18. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, WMI demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, WMI respectfully demands judgment for itself and against Defendant as follows:

a. An adjudication that Defendant has directly infringed one or more claims of each of the Patents-in-Suit pursuant to 35 U.S.C. § 271(a);

b. An adjudication requiring Defendant to pay WMI damages adequate to compensate WMI for its past infringement and any continuing or future infringement of the Patents-in-Suit through the date such judgment is entered, costs, expenses, and pre-judgment and post-judgment interest;

c. An adjudication that WMI's Patent Infringement case is an exceptional case, and awarding WMI attorneys' fees pursuant to 25 U.S.C. § 285;

d. An accounting of all infringing acts including, but not limited to, those acts not presented at trial and an award of WMI's damages for any such acts; and

e. Such other and further relief at law or in equity as the Court deems just and proper.

        Respectfully submitted,

Dated:  August 5, 2014      */s/ Michael A. Siem*
Michael A. Siem (NY Bar No. 3910668)
FARNEY DANIELS PC
159 20th Street, Suite 2B-41
Brooklyn, New York 11232
Telephone:  (512) 582-2828
Email:  msiem@farneydaniels.com

*Attorneys for Plaintiff,*
*Wireless Media Innovations, LLC*