UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
WIRELESS MEDIA INNOVATIONS, LLC.,

                        Plaintiff,                              <u>ANSWER</u>

          - AGAINST –

                                                              14 CV 4667 (RRM)

RED HOOK CONTAINER TERMINAL, LLC,

                        Defendant.
-----------------------------------------------------------X

       Defendant Red Hook Container Terminal LLC ("RHCT"), by and through its counsel Kelley Drye & Warren LLC, responds to Plaintiff's Original Complaint ("Complaint") as follows:

       RHCT denies all allegations contained in headings, unnumbered paragraphs, and the "Prayer for Relief" in the Complaint. RHCT further denies all allegations set forth in the Complaint that are not specifically admitted.

       1.      Upon information and belief, RHCT admits the allegations set forth in Paragraph 1 of the Complaint.

       2.      RHCT admits the allegations set forth in Paragraph 2 of the Complaint.

       3.      RHCT admits that Plaintiff purports to bring an action for patent infringement arising under Title 35 of the United States Code. RHCT denies the remaining allegation set forth in Paragraph 3 of the Complaint.

       4.      RHCT admits the allegations set forth in Paragraph 4 of the Complaint.

       5.      RHCT states that it does not contest personal jurisdiction in this District; admits that it is organized under the laws of the State of New York and that it conducts business in this judicial district, but otherwise denies the allegations set forth in Paragraph 5 of the Complaint.

6. RHCT admits the allegations set forth in Paragraph 6 of the Complaint.

7. RHCT admits that U.S. Patent No. 6,148,291 ("the '291 patent") was issued by the U.S. Patent and Trademark Office ("PTO"), but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint.

8. RHCT admits that U.S. Patent No. 5,712,789 ("the '789 patent") was issued by the U.S. Patent and Trademark Office ("PTO"), but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint.

9. RHCT lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 9 of the Complaint.

10. RHCT realleges and incorporates by reference its answers to the allegations of Paragraphs 1 through 9 of the Complaint as though fully set forth herein.

11. RHCT denies the allegations of Paragraph 11, except it avers that RHCT uses a software package, consisting of software, software support, and software maintenance, for the management of its cargo container operations at the Red Hook and Port Newark marine terminals located in the Port of New York, USA, and that the software package is provided by the off-site third party vendor Tideworks Technology, Inc. ("Tideworks") which Tideworks owns and which RHCT has the non-exclusive rights to use and accesses through the internet and for which RHCT pays Tideworks a monthly usage fee.

12. RHCT denies the allegations in Paragraph 12 of the Complaint.

13. RHCT denies the allegations in Paragraph 13 of the Complaint

14. RHCT realleges and incorporates by reference its answers to the allegations of paragraphs 1 through 13 of the Complaint as though fully set forth herein.

15. RHCT denies the allegations of Paragraph 15, except it avers that RHCT uses a software package, consisting of software, software support, and software maintenance, for the management of its cargo container operations at the Red Hook and Port Newark marine terminals located in the Port of New York, USA, and that the software package is provided by the off-site third party vendor Tideworks which Tideworks owns and which RHCT has the non-exclusive rights to use and accesses through the internet and for which RHCT pays Tideworks a monthly usage fee.

16. RHCT denies the allegations in Paragraph 16 of the Complaint.

17. RHCT denies the allegations in Paragraph 17 of the Complaint.

18. RHCT admits that plaintiff purports to request a trial by jury.

## DEFENSES

### First Defense

19. Upon information and belief, the claims of the '291 Patent are invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

### Second Defense

20. Upon information and belief, the claims of the '789 Patent are invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

### Third Defense

21. Upon information and belief, WMI's remedies are limited by 35 U.S.C. § 287.

### Fourth Defense

22. Upon information and belief, WMI is barred by 35 U.S.C. § 288 from recovering any costs associated with this suit.

### Fifth Defense

23.     To the extent that WMI alleges that RHCT's actions make this case exceptional under 35 U.S.C. § 285, the Complaint fails to state a claim upon which relief can be granted and must be dismissed.

### Sixth Defense

24.     The Complaint fails to state a claim upon which relief can be granted under Federal Rules of Civil Procedure, Rule 8, and must be dismissed.

### Additional Defenses

25.     RHCT reserves the right to assert additional affirmative defenses as a result of additional discovery that may occur in this action.

### JURY DEMAND

26.     RHCT respectfully demands a trial by jury of any and all issues triable by right of jury in this action.

### PRAYER FOR RELIEF

WHEREFORE, RHCT requests that the Court enter judgment in its favor and against WMI as follows:

    a)     That the Complaint be dismissed in its entirety and that WMI take nothing away by way of its Complaint;

    b)     That RHCT be awarded its costs of suit, including reasonable attorney's fees;

    c)     That RHCT's defenses make this an exceptional case under 35 U.S.C. § 285 and RHCT be awarded its costs and fees incurred in defending this action; and

      d)      Such other and further relief as this Court may deem just and appropriate.

Dated: New York, New York
October 8, 2014

        KELLEY DRYE & WARREN LLP
        Attorneys for Defendant

        By:   /s/ *Eugene T. D'Ablemont*
           Eugene T. D'Ablemont
        101 Park Avenue
        New York, NY 10178
        (212) 808-7800