UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WIRELESS MEDIA INNOVATIONS, LLC.,

          Plaintiff,

    – AGAINST –

RED HOOK CONTAINER TERMINAL, LLC,

          Defendant.
------------------------------------------------------------X
------------------------------------------------------------X
RED HOOK CONTAINER TERMINAL, LLC,

          Third-Party Plaintiff,

    – AGAINST –

TIDEWORKS TECHNOLOGY, INC.,

          Third-Party Defendant.
------------------------------------------------------------X

14 CV 4667 (RRM)

THIRD-PARTY COMPLAINT

Third-Party Plaintiff Red Hook Container Terminal LLC ("RHCT"), by and through its counsel Kelley Drye & Warren LLC, pursuant to Federal Rules of Civil Procedure Rule 14, alleges the following claims against Tideworks Technology, Inc.:

THE PARTIES

1. Red Hook Container Terminal is a limited liability company organized under the laws of the State of New York with its principal place of business at 70 Hamilton Ave., Brooklyn, New York 11231.

2. Upon information and belief, Tideworks Technology, Inc. ("Tideworks") is a corporation organized under the laws of the State of Washington with its principal place of business at 1131 SW Klickitat Way, Seattle, Washington, 98124.

JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332(a), 1338 and 1367.

4. This Court may declare the rights and other legal relations of the parties pursuant to 28 U.S.C. §§ 2201 because this is a case of actual controversy within the Court's jurisdiction.

5. This Court has personal jurisdiction over Tideworks because, upon information and belief, Tideworks regularly conducts business in New York, including its performance under an agreement between Tideworks and RHCT which is the subject matter of this dispute, and because it intended the Tideworks Software to be used in New York, thus performing acts in New York which have been alleged to be acts of patent infringement.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

BACKGROUND

7. RHCT uses a software package, consisting of software, software support, and software maintenance, for the management of its cargo container operations at the Red Hook and Port Newark marine terminals located in the Port of New York, USA (the "Tideworks Software").

8. The Tideworks Software is owned by and provided to RHCT by Tideworks Technology, Inc. ("Tideworks"), pursuant to a Technology Services Agreement (the "Tideworks Agreement") which gives RHCT non-exclusive rights to use the Tideworks Software in exchange for a monthly usage fee.

9. In Section 5.1 of the Tideworks Agreement, Tideworks represented that it "owns all right, title and interest in and to" the Tideworks Software "or has obtained the right to grant licenses herein without infringing any United States patent or copyright held by any third party."

10. In Section 10.1 of the Tideworks Agreement, Tideworks agreed that it "shall indemnify, defend, and hold Customer [RHCT] harmless, from and against any and all liabilities, claims, actions, damages, and expenses (including without limitation reasonable attorneys' fees and costs) arising out of or related to: (a) any material breach, violation or nonperformance of any of Tideworks' obligations or covenants under this Agreement; (b) the material falsity of the representations and warranties contained in Section 5.1 …"

11. In Section 6.1(b) of the Tideworks Agreement, Tideworks agreed that it "shall defend and indemnify Customer [RHCT] as set forth in Section 10.1" against claims that "the access or use of the Software by" RHCT "as contemplated herein is found to infringe any United States patent or copyright or other intellectual property right of a third party . . ."

12. RHCT has used the Tideworks Software and any related products only as contemplated by the Tideworks Agreement.

13. On August 18, 2014, RHCT was served with a copy of the summons and complaint in Wireless Media Innovations, LLC v. Red Hook Container Terminal, LLC ("the underlying case" or the "WMI litigation").

14. The WMI litigation alleges that RHCT has directly infringed one or more claims of U.S. Patent No. 6,148,291 by its use of a terminal operating system and operative methods associated therewith to monitor containers and trailers at its Red Hook Container Terminal facility in the Port of New York and New Jersey.

15. The WMI litigation alleges that RHCT has directly infringed one or more claims of U.S. Patent No. 6,148,291 by its use of the Tideworks Software.

16. The WMI litigation alleges that RHCT has directly infringed one or more claims of U.S. Patent No. 5,712,789 by its use of a yard management system and operative methods

associated therewith to monitor containers and trailers at its Red Hook Container Terminal facility in the Port of New York and New Jersey.

17. The WMI litigation alleges that RHCT has directly infringed one or more claims of U.S. Patent No. 5,712,789 by its use of the Tideworks Software.

18. On August 19, 2014, RHCT gave Tideworks written notice of the underlying case by email with attachments, in full and complete compliance with Section 10.3 of the Tideworks Agreement.

19. Tideworks has refused to defend and indemnify RHCT at no cost to RHCT, in violation of its obligations under the Tideworks Agreement.

## COUNT I – BREACH OF CONTRACT

20. RHCT realleges and incorporates by reference the allegations of paragraphs 1 through 19 of this third-party Complaint.

21. Tideworks' refusal to defend and indemnify RHCT at no cost to RHCT is a breach of its obligations under the Tideworks Agreement.

22. RHCT has incurred and will incur damages to defend itself in the underlying litigation, including but not limited to legal fees and related expenses.

23. Should RHCT be found liable to WMI in the underlying case as a result of the access or use of the Tideworks Software, Tideworks will be fully responsible for meeting any damages or judgment awarded, pursuant to its obligations under the Tideworks Agreement.

24. As a result of Tideworks' breach of its obligations under the Tideworks Agreement, RHCT has incurred damages and will incur damages of at least $75,000.

## COUNT II – INDEMNITY

25. RHCT realleges and incorporates by reference the allegations of paragraphs 1 through 23 of this third-party Complaint.

26. Should RHCT be found liable to WMI in the underlying case as a result of the access or use of the Tideworks Software, Tideworks will be fully responsible for meeting any damages or judgment awarded, pursuant to its obligations under the Tideworks Agreement and is obligated to indemnify RHCT pursuant to the Tideworks Agreement and common law.

27. RHCT demands a trial by jury on all issues triable by jury.

WHEREFORE, RHCT respectfully requests the following relief:

   (a) a declaration that Tideworks is obliged to defend and indemnify RHCT in the underlying case at no cost to RHCT;

   (b) a judgment be entered awarding damages to RHCT in an amount of at least $75,000, and not less than the amount incurred by RHCT to defend itself in the underlying case;

   (c) a judgment be entered awarding damages to RHCT in an amount to be determined, but not less than the cost to RHCT of any damages or other award against RHCT in the underlying case;

   (d) a judgment be entered awarding damages to RHCT in an amount of at least $75,000, but not less than the legal fees and expenses incurred by RHCT in this action;

   (e) an award of costs and expenses be granted in this action;

(f) such other and further relief as this Court may deem just and appropriate.

Dated: New York, New York
October 16, 2014

                                              KELLEY DRYE & WARREN LLP
                                              Attorneys for Third-Party Plaintiff Red Hook
                                              Container Terminal

                                              By:   */s/ Eugene T. D'Ablemont*
                                                       Eugene T. D'Ablemont
                                               101 Park Avenue
                                               New York, NY 10178