**KELLEY DRYE & WARREN** LLP

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**

**NEW YORK, NY 10178**

(212) 808-7800

WASHINGTON, DC
LOS ANGELES, CA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICE
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

BETH D. JACOB
DIRECT LINE: (212) 808-7624
EMAIL: BJacob@Kelleydrye.com

December 29, 2014

The Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Dear Judge Mauskopf,

    Re:  Red Hook Container Term. v. Tideworks Tech., Inc., 14 CV 4667 (RRM) (CLP)

    We represent defendant-third party plaintiff Red Hook Container Terminal ("RHCT") in the above-captioned action and submit this letter in response to the December 23, 2014, letters of third-party-defendant Tideworks Technology, Inc. ("Tideworks") requesting a pre-motion conference ("Letter") and an extension of time to respond to the third-party complaint.  RHCT does not oppose Tideworks' request for an extension.

    The underlying complaint alleges that RHCT infringes two patents assigned to Wireless Media Innovations, LLC ("WMI") directed to monitoring marine terminal cargo containers.  As stated in the pleadings, RHCT licenses a software package from Tideworks for the management of its cargo container operations.  Thus, RHCT's alleged infringement is based on its use of Tideworks' technology.[1]

**A.  There Is No Basis For A Change of Venue.**  Tideworks' reliance on *Atlantic Marine Construction Co. v. U.S. District Court*, 134 S. Ct. 568 (2013) and the forum selection clause in the license agreement ("TSA") for its assertion that the impleader action should be transferred to Washington State is misplaced.  (Letter at 2.)  A transfer of venue under 28 U.S.C. § 1404(a) is not applicable to third-party claims, since "impleader is regarded as ancillary to the pending suit."  James Wm. Moore et al., 3 *Moore's Federal Practice* § 14.42 [3] (3d ed. 2014).  Many

---

[1] RHCT is not the only Tideworks customer sued by WMI; there are at least two other lawsuits pending in Florida and it is our understanding that Tideworks has assumed the defense of both of those litigations.  *Wireless Media Innovations, LLC v. Ports America Florida, Inc*., Case No. 8:14-cv-01894-CEH-EAJ (M.D. Fl.); *Wireless Media Innovations, LLC v. SSA Cooper LLC*, Case No. 3:14-cv-929-J-32-JBT (M.D. Fl.).  WMI, a non-practicing entity, has brought numerous suits against different categories of defendants alleging infringement of these patents.

NY01\JacoBe\3717982.6

**KELLEY DRYE & WARREN LLP**

December 29, 2014
Page Two

courts have held that a third-party defendant has no standing to object to venue.  *See, e.g., Zoological Soc. Of Buffalo, Inc., v. Carvedrock, LLC,* No. 10-CV-00035, 2011 WL 6329929, at *10 (W.D.N.Y Oct. 12, 2011) (citing *Foremost Guar. Corp. v. Pub. Equities Corp.,* No. 86 CIV. 6421 (CSH), 1988 WL 125667, at *5 (S.D.N.Y. Nov. 10, 1988)); *St. Hilaire v. Shapiro*, 407 F. Supp. 1029 (E.D.N.Y. 1976); *Garner v. Enright*, 71 F.R.D. 656 (E.D.N.Y. 1976); *but cf Zurich Ins. Co. v. Prime, Inc*., 419 F.Supp.2d 384, 386-87.  In any event, maintaining the third-party complaint here would serve the public interests of preventing the possibility of inconsistent verdicts and promoting the economical and expeditious administration of justice.

The Supreme Court's recent decision in *Atlantic Marine* enforcing forum selection clauses involved a first-party action and acknowledged that public interest factors could outweigh the contractual forum selection.  *Id.,* 134 S. Ct. at 582.  *Atlantic Marine* did not discuss impleader, but a district court several months later facing this issue found that these public interest factors justified denial of a motion to transfer, despite a forum selection clause.  *Am. Licorice Co. v. Total Sweeteners, Inc.,* No. C-13-1929 EMC, 2014 WL 892409, at *7 (N.D. Cal. Mar. 4, 2014) (citing *U. S. v. United Pacific Ins. Co.,* 472 F.2d 792, 794 (9th Cir. 1973)).  *Cf. AIG Europe Ltd. v. General System, Inc.,* Civ. Act. No. RDB-13-0216 (D. Md. Dec. 16, 2013) (citing *Atlantic Marine* to dismiss third-party complaint based on forum selection clause, but finding that complaint was not a derivative claim and thus not a proper impleader).

**B.  The Impleader Is Not Premature and States a Valid Claim.**  Tideworks' second argument that no claim is ripe until infringement is established misreads the law.  Tideworks concedes that it "made a limited warranty that its software does not infringe any United States patent" in the TSA and that it "would indemnify and defend RHCT" against related patent infringement actions.  (Letter at 3.)  Tideworks does not deny that WMI's underlying action alleges that Tideworks' software infringes the patents-in-suit.  Its position, however, is that its obligation to defend is not activated until the claimed infringement is established.

Tidework's position is refuted by the very cases it cites.  As explained in *Ballard Residential, LLC v. Pac. Rim. Framing Co.,* No. 61221-1-2-I, 2009 WL 1111184, at *6 (Wash. Ct. App. Apr. 27, 2009) (Letter at 3), "[T]he duty to defend arises when the facts indicate that liability would eventually fall upon the indemnitor."  *Id.* (quoting *George Sollitt Corp. v. Howard Chapman Plumbing & Heating, Inc.*, 67 Wash. App. 472, 475 (1992)).  As Tideworks concedes, Washington law imposes a duty to defend under a contractual indemnity provision based on the facts known at the time of tender of defense.  *Ballard,* 2009 WL 1111184, at *6.  (Letter at 3.)

In other words, if the indemnitor would be liable if the underlying allegations were proven, then it has a duty to defend, even if it thinks it has a good defense.  Thus, where an employee allegedly was injured by an improperly-grounded machine, the subcontractor responsible for grounding the machine was required to defend, even though the subcontractor claimed the injury was caused by the employee's negligence.  *Sollitt,* 67 Wash. App. at 472-73.  In contrast, when the allegedly negligent construction work was not the responsibility of the

**KELLEY DRYE & WARREN LLP**

December 29, 2014
Page Three

subcontractor, the subcontractor was not obliged to defend the action against the contractor. *Ballard,* 2009 WL 1111184, at *7.

In the instant case, where the claims are that Tideworks' software infringes WMI's patents, Tideworks' duty to defend is triggered. *See Holland Am. Ins. Co. v. Nat'l Indem. Co.,* 75 Wash.2d 909, 911-12 (1969) ("It is well established in this and other jurisdictions that the insurer's duty to defend, unlike its duty to pay, arises when the complaint is filed and is to be determined from the allegations of the complaint." (internal citations omitted)). As the *Ballard* concurrence clarified, the contractual duty to defend also is triggered not by a finding of, but only the potential for, liability, under "the general rule that a plaintiff need only adduce evidence of facts that, if proved true, establish a defendant's liability in order to trigger a contractual duty to defend." *Ballard*, 2009 WL 1111184, at *9, citing *inter alia Holland Am Ins. Co.,* 75 Wash.2d at 911-12.

As held in *Nunez v. Am. Bldg Maintenance Co. West,* 144 Wash. App. 345, 350-55 (Wash. Ct. App. 2008), the other case cited by Tideworks (Letter at 3), "Indemnification clauses are subject to the fundamental rules of contractual construction, which require 'reasonable construction so as to carry out, rather than defeat, the purpose.'" (internal citations omitted). In addition, since the TSA was drafted by Tideworks, any ambiguity in the scope of its duty to defend and indemnify should be resolved in favor of RHCT. *Id.* at 351.

**C.  Motion to Stay.** Tideworks' final suggestion that the impleader action be stayed pending the outcome of the underlying action is flawed for the same reasons as its argument that the action seeking to enforce its duty to defend is premature. While its obligation to indemnify RHCT may be contingent on a finding of liability in the underlying action, its obligation to defend is ripe now. Tideworks' vague statement that it has "a number of contractual defenses" is a reason to go forward with the impleader action, so that the relative obligations of Tideworks and RHCT with respect to the underlying litigation can be clarified promptly and any uncertainty does not interfere with the expeditious defense and resolution of the underlying action.

**D.  Conclusion**. Tideworks' proposed motion to dismiss or transfer the complaint would be an unnecessary use of the resources of the parties and of this Court. Its stated grounds have been rejected by the cases on which it relies. If Tideworks pursues its misguided motion to dismiss, there is no basis to stay proceedings on the impleader complaint while it is pending.

Respectfully,

/s/ *Beth D. Jacob*

Beth D. Jacob

BDJ:pag