UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
WIRELESS MEDIA INNOVATIONS, LLC,

        Plaintiff,                            **PLAINTIFF WIRELESS MEDIA
                                                                               INNOVATIONS, LLC'S PROPOSED
                                                                               DISCOVERY LIMITATIONS AND
        - against -                          **CASE SCHEDULE**

                                                                               14 CV 4667 (RRM)
RED HOOK CONTAINER TERMINAL, LLC,

        Defendant.
----------------------------------------------------------X
RED HOOK CONTAINER TERMINAL, LLC,

        Third-Party Plaintiff,


        - against -


TIDEWORKS TECHNOLGY, INC.,

        Third-Party Defendant.
----------------------------------------------------------X

      Plaintiff Wireless Media Innovations, LLC ("Wireless Media") respectfully submits these Proposed Discovery Limitations and Case Schedule along with the Case Management Plan. Defendants have declined Wireless Media's request to provide comments on the proposals listed herein; the proposals listed herein are Wireless Media's positions.

      Wireless Media anticipates that discovery will be needed regarding the alleged infringement of the patents-in-suit, the validity of the patents-in-suit, and (in the event Tideworks remains in the case) the contractual relationship between Red Hook and Tideworks with respect to Tideworks' Terminal Operating System software. Wireless Media anticipates needing the following forms of discovery: (i) written discovery, including but not limited to requests for

1

documents, requests for admission, and interrogatories; (ii) depositions of fact witnesses, including but not limited to deposition testimony pursuant to Federal Rule of Civil Procedure 30(b)(6); and (iii) expert discovery, including but not limited to expert reports and depositions.

## I. NATURE OF THE CASE

In this case, Plaintiff Wireless Media Innovations, LLC alleges patent infringement against Defendant Red Hook Container Terminal, LLC.  Wireless Media is the owner of U.S. Patent Nos. 5,712,789 and 6,148,219, which relate to methods and systems for monitoring containers, such as cargo containers.  Wireless Media alleges that Red Hook infringes the two patents.

Red Hook is the operator of the Red Hook Container Terminal in the Port of New York / New Jersey.  Red Hook uses a software package provided by Tideworks Technologies, Inc. to manage its cargo container operations.  Red Hook denies infringing the patents, and alleges, *inter alia*, that the patents are invalid.  In addition, Red Hook filed a third party complaint against its Terminal Operating Systems software provider Tideworks, seeking damages for breach of contract and indemnity.

Tideworks has yet to respond to Red Hook's third party complaint.  However, Tideworks has indicated to the Court that it intends to file a motion to (a) transfer the case to the Western District of Washington, (b) stay the complaint as premature, or (c) dismiss the complaint. Tideworks requested, and the Court granted, a pre-motion conference with the Court to discuss the motion.  This conference will take place on February 19, 2015 (before Judge Mauskopf), the same time as the parties' initial case management conference with the Court.  Wireless Media does not take a position on the contract dispute between Red Hook and Tideworks.

## II. INITIAL CONFERENCE QUESTIONNAIRE

1. Date of completion of automatic disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, if not yet made: **Please see Section III.**

2. If additional interrogatories beyond the 25 permitted under the Federal Rules are needed, the maximum number of: **Please see Section IV.A.**

3. Maximum number of requests for admission by: **Please see Section IV.A.**

4. Number of depositions by plaintiff(s) of: parties **Please see Section IV.A.**
   non-parties **Please see Section IV.A.**

5. Number of depositions by defendant(s) of: parties
   non-parties

6. Time limits for depositions: **Please see Section IV.A.**

7. Date for completion of factual discovery: **Please see Section III.**

8. Number of expert witnesses of plaintiff(s): medical **0** non-medical **3 max**

   Date for expert report(s): **Please see Section III.**

9. Number of expert witnesses of defendant(s): medical ___ non-medical ___

   Date for expert report(s): ___

10. Date for completion of expert discovery: **Please see Section III.**

11. Time for amendment of the pleadings by plaintiff(s) **Please see Section III** or by defendant(s)

12. Number of proposed additional parties to be joined by plaintiff(s) **currently not known** and by defendant(s) ___ and time for completion of joinder: **Please see Section III.**

13. Types of contemplated dispositive motions: plaintiff(s): **currently not known**
    defendant(s):

14. Dates for filing contemplated dispositive motions: plaintiff(s): **Please see Section III**
    defendant(s):

15. Does any parties object to having this case included in the Court's Electronic Case Filing program: Objection by plaintiff **No** defendant ___

16. Will the parties consent to trial before a magistrate judge pursuant to 28 U.S.C. § 636(c)? (Answer no if any parties declines to consent without indicating which parties has declined.) Yes **X** No ___

3

### III. PROPOSED CASE SCHEDULE

| DEADLINE OR EVENT | DATE |
|---|---|
| Initial Scheduling Conference | 2/19/15 |
| Rule 26(a) Initial Disclosures | 2/27/15 |
| Disclosure of Infringement Contentions (L.P.R. 5) | 3/27/15 |
| Disclosure of Invalidity Contentions (L.P.R. 6) | 5/1/15 |
| Motions to Add Parties or Amend Pleadings | 5/15/15 |
| Parties to Submit Stipulated Protective Order and/or ESI Order | 5/15/15 |
| Deadline for Mediation between Plaintiff and Defendant | 6/22/15 |
| Exchange of Claim Terms Requiring Construction | 6/30/15 |
| Parties Meet and Confer Regarding Proposed Constructions | 7/17/15 |
| Joint Claim Terms Chart (L.P.R. 11) | 7/31/15 |
| Plaintiff's Opening Claim Construction Brief (L.P.R. 12(a)) | 8/31/15 |
| Defendant's Response Claim Construction Brief (L.P.R. 12(b)) | 9/30/15 |
| Plaintiff's Reply Claim Construction Brief (L.P.R. 12(c)) | 10/16/15 |
| Claim Construction Hearing<br><br>Further Case Management Conference to Confirm Schedule for Remainder of Case | Subject to the Court's preference, the month of November 2015 |
| Fact Discovery Deadline | 2/29/16 |
| Opening Expert Reports by Party with Burden of Proof | 3/31/16 |
| Responsive Expert Reports | 4/29/16 |
| Expert Discovery Deadline | 5/31/16 |

| | |
|---|---|
| Dispositive and *Daubert* Motions | 6/30/16 |
| Joint Final Pretrial Statement | 10/31/16 |
| Final Pretrial Conference | Subject to the Court's preference, the month of November 2016 |
| Trial Term Begins | Subject to the Court's preference, the month of December 2016 |
| Jury / Non-Jury | Jury |
| Estimated Length of Trial | 5 days |

## IV.   DISCOVERY LIMITS AND OTHER MATTERS

### A.   Discovery Limits

Wireless Media propose that the parties adhere to the limitations on discovery set forth in the Federal Rules of Civil Procedure and the Local Rules, except as further ordered by the Court, and as following:

(a)   **Requests for Admission**:  The parties shall each be limited to fifty (50) requests for admission, except for the purpose of authenticity.

(b)   **Interrogatories**:  Pursuant to the Rule 33, the parties shall each be permitted to serve twenty-five (25) interrogatories on any other party.

(c)   **Fact Depositions**:  Plaintiff shall be permitted a maximum of ten (10) depositions of fact witnesses of Defendant and Third-Party Defendant.  Defendant and Third-Party Defendant shall be permitted a maximum of five (5) common depositions of Plaintiff's fact witnesses, plus five (5) additional individual depositions of fact witnesses.

These deposition limits apply to party witness depositions, including those taken pursuant to Federal Rule of Civil Procedure 30(b)(6) (each 7 hours of which shall count as a single deposition toward the deposition limits, despite the number of deposition topics), and third-party depositions, but does not include expert depositions. To the extent that there are third party depositions that are common between two or more parties, the parties shall work with each other to conduct these depositions in a manner that is as efficient as possible.

Each deposition will be limited to 7 hours in length of on-the-record time. Each 7 hours of on-the-record time of testimony pursuant to Federal Rule of Civil Procedure 30(b)(6) shall count as one deposition. Wireless Media reserves its right to seek relief from the Court to limit the length of any particular deposition or take depositions in excess of the limits described above. For any deposition conducted in a language other than English, each hour of on-the-record time will be counted as one half hour for purposes of the above limits.

(d) **Third-Party Discovery**: Wireless Media does not propose any limits on the number of third party depositions, except those provided in the previous section. Any party which serves a subpoena upon a third party will simultaneously serve a copy of such subpoena upon every other party. Moreover, any party that receives documents from a third party pursuant to a subpoena will reproduce those documents to the other party within five (5) days. Where reproduction of documents within the above time frame is not possible, the party that received the documents will provide immediate notice to the other party and the issue will be resolved by the parties on a case-by-case basis.

      (e)    **Expert Testimony**: Expert depositions will not count towards the fact deposition limits defined above. Each deposition will be limited to 7 hours in length of on-the-record time.

      Defendant and Third-Party Defendant shall be entitled to depose Plaintiff's expert(s) on opinions relating to patent validity for 5 hours on common issues, plus an additional 2 hours per party on party-specific issues.

      A testifying expert's draft reports, notes, and outlines of draft reports shall not be subject to discovery. Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case. No discovery can be taken from any consultant or consulting expert who does not testify, except to the extent that the consultant or consulting expert has provided information, opinions, or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony, or any other opinion in this case. No conversations or communications between counsel and any testifying or consulting expert, including emails, written agreements, or correspondence, will be subject to discovery unless the conversations or communications are relied upon by a testifying expert in formulating his or her final report, or any opinion in this litigation. Materials, communications (including e-mail), and other information exempt from discovery under this paragraph shall be treated as attorney work product for the purposes of this litigation.

### B. Protective Order and ESI Order

Wireless Media believes that discovery in this case will require the production of certain confidential information. Additionally, Wireless Media believes that discovery in this case will require production of certain "electronically stored information." *See* Fed. R. Civ. P. 26(b)(2)(B). The parties will meet and confer regarding these issues and submit a proposed Protective Order and/or ESI Order by the date in Section III.

### C. Mediation

Wireless Media believes that this case may be resolved through mediation. Wireless Media respectfully requests to participate in this District's Court-Annexed Mediation Program pursuant to Local Rule 83.8. Wireless Media proposes to conduct mediation in this matter on or before the proposed date in Section III.

Dated: February 13, 2015							Respectfully submitted,

							*/s/ Michael A. Siem*
							Michael A. Siem (NY Bar No. 3910668)
							FARNEY DANIELS PC
							159 20th Street, Suite 2B-41
							Brooklyn, New York 11232
							Telephone: (512) 582-2828
							Email: msiem@farneydaniels.com

							Steven R. Daniels
							FARNEY DANIELS PC
							800 S. Austin Avenue, Ste. 200
							Georgetown, TX 78626
							Telephone: (512) 582-2828
							Facsimile: (512) 582-2829
							Email: sdaniels@farneydaniels.com

							Attorneys for Plaintiff
							Wireless Media Innovations, LLC